UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

CHAMBLISS, LLLP
d/b/a Shell gas station and
convenience store and
FLAGSHIP SHELL LLC

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Chambliss, LLLP doing business as a Shell gas station and convenience store and Defendant Flagship Shell LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

### JURISDICTION

1.   This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.   Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are conducting business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" of public accommodations compliance with the ADA/ADAAG.

5. Defendant Chambliss, LLLP (also referenced as "Defendant Chambliss," "operator," lessee" or "co-Defendant") is a Florida limited partnership and a franchise operator of a Shell gas station and convenience store located at 2775 SW 28 Terrace Miami Florida 33133, which is the subject of this action.

6. Defendant Flagship Shell LLC, is a Florida limited liability company (also referenced as "Defendant Flagship," "lessor," "owner," or "co-Defendant") is the owner of Folio 01-4116-078-0010 which represents commercial real property located at 2775 SW 28 Terrace, Miami Florida 33133.

## FACTS

7. At all times material hereto, Defendant Flagship has been leasing its commercial property to Defendant Chambliss and Defendant Chambliss has been operating its Shell gas station and convenience store within that leased space.

8. Defendant Chambliss' Shell gas station is open to the public; therefore, it is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulations as defined by 42 U.S.C. §12181(7)(F); §12182, and §36.104(6).

9. Defendant Chambliss' Shell gas station also contains a convenience store which meet the definition of a place of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 CFR 36.104(5).

10. The Shell gas station and convenience store which is the subject to this action is also referred to as "Shell gas station and convenience store," "Shell gas station," or "place of public accommodation."

11. Defendant Chambliss is defined as a "Public Accommodation" within meaning of Title III because Defendant Chambliss is a private entity which is a franchise owner and operator of a Shell brand gasoline station and convenience store pursuant to U.S.C. §§12181(7)(F), (E) and 28 C.F.R. §36.104.

12. As the owner of commercial real property which is leased for use as a gas station and convenience store open to the general public, Defendant Flagship is also defined as a "Public Accommodation" within meaning of Title III 42 U.S.C. §§12181(7)(F), (E) and 28 C.F.R. §36.104.

13. Due to the close proximity of the Shell gas station and convenience store located at 2775 SW 28 Terrace to Plaintiff's home, on November 23, 2021 Plaintiff went to that establishment with the intent of patronizing the convenience store therein and testing for ADA/ADAAG compliance.

14. While patronizing the Shell gas station and convenience store Plaintiff met multiple areas of inaccessibility due to the fact that he uses a wheelchair for mobility.

Those areas of inaccessibility were in the parking/service area and the public restroom, and Plaintiff left the Shell gas station and convenience store feeling excluded, humiliated and dejected.

15. Plaintiff has been denied full and equal access by the operator of the Shell gas station and convenience store (Defendant Chambliss) and by the owner of the commercial property which houses that gas station and convenience store (Defendant Flagship).

16. On information and belief, as the owner/operator of a gas station and convenience store, Defendant Chambliss is well aware of the need to provide equal access to individuals with disabilities. Defendant Chambliss's failure to reasonably accommodate individuals with disabilities at its gas station and convenience store is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302.

17. On information and belief, as an investor in commercial property, Defendant Flagship is aware of the ADA and the need to provide for equal access within its commercial property as related to its public accommodation tenant. Therefore, Defendant Flagship's failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

18. Based on the access impediments delineated herein, Plaintiff has been denied full and equal access by the operator of the Shell gas station and convenience store (Defendant Chambliss) and by the owner of the commercial property which houses that gas station and convenience store (Defendant Flagship).

19. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

20. Plaintiff has been a customer of Shell gas stations the past and continues to desire to patronize and test the Shell gas station and convenience store at 2775 SW 28 Terrace for compliance with the ADA/ADAAG, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the areas of inaccessibility which are in violation of the ADA.

21. Any and all requisite notice has been provided.

22. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

### COUNT I – VIOLATIONS OF TITLE III OF THE ADA

23. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

24. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in

>order to address the major areas of discrimination faced on a daily by people with disabilities.
>
>42 U.S.C. §12101(b)(1)(2) and (4).

25. Prior to the filing of this lawsuit, Plaintiff personally visited the Shell gas station and convenience store located at 2775 SW 28 Terrace in November and December of 2021, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he encountered barriers to access. Therefore, Plaintiff has suffered an injury in fact.

26. Defendant Chambliss and Defendant Flagship have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Shell gas station and convenience store at 2775 SW 28 Terrace in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv) where such removal is readily achievable.

27. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the subject Shell gas station and convenience store.

28. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

29. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with

6

Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

30. The commercial property which is owned by Defendant Flagship houses the subject Shell gas station and convenience store which is operated by Defendant Chambliss is in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.* and both Defendants are discriminating against the Plaintiff as a result of <u>inter alia</u> the following specific violations:

 i. As to Defendant Chambliss (lessee/operator) and Defendant Flagship (owner/lessor) (jointly and severally), Plaintiff had difficulty perambulating to the convenience store portion of the Shell gas station from the parking lot, as the curb ramp encroaches over the designated handicapped accessible parking space access isle. The fact that the curb ramp encroaches over the accessible parking space access aisles has violated Section 4.7.6 of the ADAAG and Section 406.5 of the 2010 ADA Standards for Accessible Design. The curb ramp encroachment has also resulted in the designated parking not providing an accessible route to the convenience store which is in violation of C.F.R. Part 36, Section 4.3.2(2) which states: "at least one accessible route shall connect accessible buildings … and spaces that on the same site."

 ii. As to Defendant Chambliss (lessee/operator) and Defendant Flagship (owner/lessor) (jointly and severally), the accessible parking space and access aisle is not marked as required by local laws or regulations. The method and color of marking are not specified by these requirements, but may be addressed by State or local laws or

regulations. Refer to FBC Fig. 9, FDOT Index # 17346. The resolution of this violation is readily achievable.

iii. As to Defendant Chambliss (lessee/operator) and Defendant Flagship (owner/lessor) (jointly and severally), Plaintiff could not use the restroom without assistance, as the required clear floor space was not provided due to the dimensions. Failure to provide compliant clear floor space in the restroom is a violation of Sections 4.2.3 and 4.22.3 of the ADAAG and Sections 304.3 and 603.2 of the 2010 ADA Standards for Accessible Design. Section 4.22.3 states that an unobstructed turning space must comply with Section 4.2.3 within an accessible toilet room. Section 4.2.3 and Section 304.3 give the dimensions of wheelchair turning space as the space required for a wheelchair to make a 180-degree turn being clear space of 60 in (1525 mm) diameter (Sec 4.2.3 Fig. 3(a)) or a T-shaped space (Sec 4.2.3 Fig. 3(b)).

iv. As to Defendant Chambliss (lessee/operator) and Defendant Flagship (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

    v.    As to Defendant Chambliss (lessee/operator) and Defendant Flagship (owner/lessor) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of Section 4.16.6 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper dispensers shall be installed within reach, as shown in Fig. 29(b). Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

31.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendants are required to make the Shell gas station and convenience store commercial space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

32.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the Shell gas station and convenience store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the commercial property owner Defendant Flagship Shell LLC and Defendant Chambliss, LLLP (operator of the Shell gas station and convenience store located at that commercial property) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the Shell gas station and convenience store located therein such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 4th day of January , 2022.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*